**PUBLISHED**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:04CR00051 |
| | ) | |
| v. | ) | **OPINION SETTING FORTH** |
| | **)** | **REASONS FOR SENTENCE** |
| **JESSICA LEANNA FRYE**, | ) | |
| | ) | By: James P. Jones |
| Defendant. | ) | Chief United States District Judge |
| | ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Monroe Jamison, Jr., Abingdon, Virginia, for Defendant.*

For the reasons set forth in this opinion, I find it reasonable to sentence the defendant to a sentence below the advisory guideline range.

The defendant, Jessica Leanna Frye, pleaded guilty to one count of a multi-defendant indictment charging her with knowingly and intentionally creating a substantial risk of harm to human life while manufacturing methamphetamine, in violation of 21 U.S.C.A. § 858 (West 1999). In her written plea agreement filed December 1, 2004, the parties agreed that the defendant's Base Offense Level would be 29 pursuant to the United States Sentencing Guidelines Manual ("USSG") §§ 2D1.1(c)(7) (at least 50 grams but less than 200 grams of a mixture containing

methamphetamine) and 2D1.10(a)(1) (endangering human life while illegally manufacturing a controlled substance). In addition, it was agreed that she would receive a three-level enhancement for manufacturing methamphetamine, USSG § 2D1.(10)(b)(1)(A), and a two-level reduction for being a minor participant, USSG § 3B1.2(b). Finally, it was agreed that if she complied with the terms of the plea agreement, she would be entitled to full credit for acceptance of responsibility.

After the defendant's guilty plea was accepted, a probation officer of this court prepared a presentence investigation report ("PSR"). The probation officer calculated the defendant's Total Offense Level as 27, with a Criminal History Category of I, producing an incarceration range under the Sentencing Guidelines of 70 to 87 months.

No objections were made to the PSR and accordingly I adopted it as my findings of fact at Frye's sentencing hearing. *See* Fed. R. Crim. P. 32(i)(3)(A) (providing that court may accept any undisputed portion of the presentence report as a finding of fact).

The facts as shown in the PSR concerning the defendant and her criminal conduct are as follows.

In February 2004, acting on a tip, local police in Wythe County, Virginia, raided a mobile home and apprehended the defendant, Jessica Frye, then 19 years old,

- 2 -

and her boyfriend, Lewis Naylor, then 33 years old. Evidence indicating a methamphetamine lab was found in the mobile home and Frye and Naylor were charged with state offenses. Frye was released on bond, but on April 21, 2004, she was apprehended at an abandoned mobile home containing another methamphetamine lab, this time with Larry Doss, age 50, and Damon Keith Taylor, age 27. Thereafter, the federal Drug Enforcement Agency became involved and all four suspects were charged in the present case.

Frye was born in Wythe County and raised by her grandmother, her parents having separated when she was an infant. She began the illegal use of drugs at age 14, beginning with marijuana and later experimenting with OxyContin, cocaine, and methamphetamine. She was committed to a local mental health facility as a teenager and diagnosed with depression and polysubstance dependence. She dropped out of school in the tenth grade with failing or poor grades. She has only a brief employment history at a hotel and at a manufacturing plant. She has never married and has no children. At the time of her offense, she was heavily addicted to methamphetamine, reportedly using approximately three and a half grams per day.

After indictment in this court, she was first detained but released on bond on November 15, 2004, which lasted until her guilty plea on January 6, 2005, when she was again detained. *See* 18 U.S.C.A. § 3143(a)(2) (West 2000) (requiring detention

- 3 -

upon conviction of certain offenses). While on bond, she was employed and abstained from drug use.

Her co-defendants, all older males, also pleaded guilty to various charges contained in the indictment. Naylor, Frye's boyfriend, designated a career offender, was sentenced to 120 months imprisonment. Doss was sentenced to 111 months, which included a mandatory consecutive term of 60 months for possession of a firearm in furtherance of a drug trafficking offense. Taylor was sentenced to 63 months imprisonment.[1]

While the Sentencing Guidelines are not mandatory, *United States v. Booker*, 125 S. Ct. 738, 745 (2005), I am obligated to "consult those Guidelines and take them into account," along with the sentencing goals set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2004). *Id.* at 767. Under the circumstances of this case, I find that a sentence below that calculated under the guidelines is appropriate.

In spite of her long history of drug abuse, Frye has no prior criminal record. Because she was convicted under 21 U.S.C.A. § 858, she could not receive the benefit

---

[1] Taylor pleaded guilty to a count of the indictment charging the same offense as Frye. In spite of the fact that he had a Criminal History Category of III, the government agreed with Taylor to an Offense Level of 27 before reduction for acceptance of responsibility, compared to Frye's 32. Had Frye received the same deal, and after her adjustment for a minor role, her Total Offense Level would have been a 22, with a guideline incarceration range of 41 to 51 months.

Case 1:04-cr-00051-JPJ-PMS   Document 114   Filed 05/20/05   Page 4 of 6   Pageid#: 198

of the reduction in offense level provided for those meet the so-called "safety valve" criteria. *See* USSG §§ 2D1.1(b)(7), 5C1.2. She was allowed a proffer session with the government in an effort to earn a substantial assistance motion, but was unable to provide any useful information.

While the youth of the defendant is not normally relevant in a departure under the guidelines, *see* USSG § 5H1.1, it may be an appropriate factor to consider under § 3553(a). *See Simon v. United States*, 361 F. Supp. 2d 35, 48 (E.D.N.Y. 2005). Moreover, the effective treatment of the defendant while incarcerated is a statutory consideration for the sentencing court, *see* 18 U.S.C.A § 3553(a)(2)(D), and I have recommended that the defendant receive residential substance abuse treatment while in prison, under the provisions of 18 U.S.C.A. § 3621(e) (West 2000), since particularly for youthful drug abusers, a treatment program may be effective. *See* Office of Nat'l Drug Control Policy, *Fact Sheet: Juveniles and Drugs* 5 (June 2003), *available at* www.whitehousedrugpolicy.gov. I should consider a sentence of sufficient length to allow the defendant to receive such treatment. *See* 18 U.S.C.A. §§ 3553(a) (providing that court must impose a sentence sufficient, "but not greater than necessary" to comply with the statutory purposes).

While there are no certainties in dealing with drug addicts, in light of Frye's lack of prior criminal record, her young age, and her recent success during the limited

time that she was on bond in this court, drug treatment while incarcerated, together with careful supervision after release from prison, may change the course of Frye's life. She should be sentenced to a term of imprisonment that recognizes the gravity of her criminal conduct, and permits a proper course of drug treatment, while at the same time allowing her the opportunity for reentry into society within a reasonable time. Accordingly, I find that a term of imprisonment of 40 months is reasonable under the circumstances.

DATED: May 20, 2005

/s/ JAMES P. JONES

Chief United States District Judge